**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| GORDON KIRK ALBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-056 |
| | ) | |
| CSP MEDICAL SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This is the second case that *pro se* plaintiff Gordon Kirk Albertson has filed in this Court challenging the sufficiency of the medical care he has received at Coastal State Prison. *See generally* doc. 1; *see also Albertson v. Glenn*, 4:26-cv-036, doc. 28 (S.D. Ga. June 8, 2026). In the prior case, the Court screened the operative complaint and determined that it failed to state a claim upon which relief could be granted. 4:26-cv-036, doc. 34 (S.D. Ga. July 22, 2026). In that case, Albertson submitted multiple copies of the consent and prison trust account statements, which the Court requires from prisoners proceeding *in forma pauperis*. *See* 4:26-cv-036, docs. 10, 11, 16, 17, 20, 21. He did not return any in this case. *See generally* docket. However, it is clear from his filings in this case that he is confusing the two. *See* doc. 8 (objecting to the denial of

court-appointed counsel, which has not occurred in this case). Albertson's failure to return the required forms in this case provides sufficient reason to dismiss it. However, even if the Court excused that failure based on Albertson's apparent confusion between his two cases, as discussed below the allegations in his Complaint fail to state any claim upon which relief may be granted. His Complaint is, therefore, **DISMISSED**. Doc. 1; *see also* 28 U.S.C. § 1915A(b)(1).

Albertson's Complaint alleges that he is "[b]eing denied adequate medical care" for his leukemia. Doc. 1 at 5. He alleges that "CSP medical services and Mrs. Gatewood," have refused to provide him with pain medication he was previously receiving at another prison. *Id.* at 12. He alleges the Warden of Coastal State Prison has violated unspecified constitutional rights, because "[t]hey accepted [him] . . . knowing his medical condition," and continue to refuse unspecified care. *Id.* Finally, he alleges that an oncologist has refused to give him "treatment that [he] need[s] to prolong [his] life," but expressly alleges that the physician's "reasoning was that [one] round of c[h]emo could kill [him]." *Id.*

Albertson argues that he would prefer the treatment, notwithstanding the risk, to his current symptoms. *Id.*

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

There are numerous issues in the claims Albertson asserts. Charitably construed, Albertson's allegations in the Complaint all implicate a claim that defendants are deliberately indifferent to his serious medical needs. "Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration." *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991). To establish an Eighth Amendment

claim based on inadequate medical care, a plaintiff must allege facts sufficient to show that the defendants engaged in "acts or omissions sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The objective component to deliberate indifference in this context, *see Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024), requires that plaintiff allege an objectively "serious medical need[–]one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (internal quotations and citations omitted). Second, a plaintiff must allege that the defendants acted with deliberate indifference to his serious medical need by demonstrating that the defendants were subjectively aware that their own inaction caused a substantial risk of serious harm and that the defendants unreasonably disregarded that risk. *Wade*, 106 F.4th at 1262. If the defendants acted reasonably, they cannot be held liable under the Eighth Amendment. *Id.* Moreover, even if the defendants acted unreasonably and committed medical malpractice, that is insufficient to support a § 1983 claim. *See, e.g., Harris*, 941 F.2d at 1505 ("Mere

incidents of [medical] negligence or malpractice to do rise to the level of constitutional violations.”). Although the allegations in the instant Complaint are ambiguous, they are not sufficient to state any claim upon which relief can be granted.

His claim against the “medical services” staff suggests facts that might support the subjective component of a deliberate indifference claim. However, the allegation that they “put off his appointments,” refused to give him the pain medication prior medical personnel provided, and “refused dental care,” are too vague to establish that any particular defendant acted with the requisite subjective intent. Doc. 1 at 12. Similarly, his allegation against the Warden “and his staff,” only alleges in a conclusory fashion that “they” knew his medical condition. *Id.* As the Eleventh Circuit has observed, “imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference[,] . . . [e]ach individual Defendant must be judged separately and on the basis of what that person knows.” *Burnette v. Taylor*, 533 F.3d

1325, 1331 (11th Cir. 2008). The claims that collections of defendants were deliberately indifferent, therefore, fail.

As to his claim against his treating oncologist, his allegations are explicit that he simply disagrees with his physician's medical judgment. *See* doc. 1 at 12. The determination that a particular course of treatment poses too great a risk is a paradigm example of the exercise of professional judgment. Albertson's desire to take the risk does not alter that fact. As the Eleventh Circuit has explained:

> [a] prisoner bringing a deliberate-indifference claim has a steep hill to climb. We have held, for instance, that the Constitution doesn't require that the medical care provided to prisoners be perfect, the best obtainable, or even very good. [Cit.] Rather, medical treatment violates the Eighth Amendment only when it is so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. [Cit.] We have also emphasized—as have our sister circuits—that a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment fails to support a claim of cruel and unusual punishment. [Cit.]

*Keohane v. Florida Dept. of Corrs. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020) (internal quotation marks, alterations, and citations omitted). Given the high standard for deliberate indifference, "when a prison inmate has received medical care, courts hesitate to find an Eighth

Amendment violation." *Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989) (citation omitted). Albertson's disagreement with his oncologist's determination that a particular course of chemotherapy is too risky is insufficient to state any deliberate indifference claim against that physician.

Assuming that the Court disregarded Albertson's failure to return the required forms, his Complaint's failure to plead a sufficient claim might require an opportunity to amend. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). However, the Court gave Albertson multiple opportunities to amend his deliberate indifference claims in his other case, and he took them. *See* 4:26-cv-036, docs. 27, 28, 31 & 34. Despite those opportunities, Albertson was unable to plead a claim. *See* 4:26-cv-036, doc. 34 (S.D. Ga. July 22, 2026). Given the considerable litigation of Albertson's claims, the Court concludes that they are not amendable.

Albertson has also filed a Motion to Appoint Counsel. Doc. 7. He seeks that appointment, not based on the nature of his claims in this case, but because he fears "retaliation" by prison officials. *Id.* Albertson has no constitutional right to counsel in this civil case. *Wright v. Langford*,

562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." *Id.* (citing *Bass*, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). General lack of education, including legal education, is also not a sufficient basis to require appointment of counsel. *See, e.g., Brown v. Wilcher*, 2021 WL 411508, at *1 (S.D. Ga. Feb. 5, 2021). This Court has repeatedly recognized that "prisoners do not receive special consideration [for appointed counsel] notwithstanding the challenges of litigating a case

while incarcerated." *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). As it does not appear that Albertson has any difficulty presenting his requests, his filings in this case are clear, if substantively insufficient, and the issues related to his claims are not complex, the Court does not find any "exceptional circumstance" that warrants appointment of counsel. *Fowler*, 899 F.2d at 1096. Albertson's request for appointed counsel is, therefore, **DENIED**. Doc. 7.

Finally, Albertson has filed a Motion for a Temporary Restraining Order. Doc. 9. He alleges that a prior case he pursued in the United States District Court for the Northern District of Georgia was disrupted by the actions of unidentified "officials." *Id.* at 1. He states that, again,

unidentified "wardens, officials, and prison officials are trying to make [him] get rid of [his] lawsuit paper work . . . ." *Id.*

Temporary restraining orders are a type of injunctive relief that may be issued without notice, but only under limited circumstances. Fed. R. Civ. P. 65 (b)(1)(A)-(B). A party seeking a temporary restraining order must "certif[y] in writing any efforts made to give notice [to the opposing party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Courts have found that *pro se* parties are not excused from the requirement. *See Vaughan v. Bank of America, NA*, 2010 WL 3273052, at * 1 (S.D. Ala. Aug. 18, 2010). Albertson has not complied with those requirements. *See generally* doc. 9.

Even if the Motion were not procedurally deficient, it would still fail. "[T]emporary restraining orders . . . are extraordinary remedies . . .," which the Court has discretion to grant or deny. *See, e.g., Faller v. Pelosi*, 2020 WL 7330532, at *1 (S.D. Ga. Oct. 14, 2020). They may not be granted unless the party seeking them "clearly establishes the burden of persuasion as to each of the four prerequisites[:]" (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury

outweighs the harm the relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest. *Id.* (citations omitted). Nothing in Albertson's vague allegations of interference with this or other litigation approach satisfaction of any of the prerequisites for a temporary restraining order. For all of those reasons, therefore, his Motion is **DENIED**. Doc. 9.

In summary, Albertson's request for court-appointed counsel is **DENIED**. Doc. 7. His Motion for a Temporary Restraining Order is also **DENIED**. Doc. 9. Finally, his Complaint is **DISMISSED**. Doc. 1; *see also, e.g.,* 28 U.S.C. § 1915A. The Clerk is **DIRECTED** to enter the appropriate judgment and **CLOSE** this case.

**SO ORDERED**, this 10th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA