**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| GORDON KIRK ALBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV426-056 |
| | ) | |
| CSP MEDICAL SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

The Court previously dismissed *pro se* plaintiff Gordon Kirk Albertson's 42 U.S.C. § 1983 case, *see* doc. 11, and judgment entered on August 12, 2026, doc. 12. Albertson has now filed a Motion titled simply "Motion – Extension." Doc. 15. It seeks an "extension of time." *Id.* at 1. Since there is no currently pending deadline to extend, the Motion is **DISMISSED** as moot. Doc. 15. Albertson has also filed Motions for Reconsideration and to Amend his Complaint. Docs. 16 & 17. For the reasons explained below, both Motions are **DENIED**. Docs. 16 & 17.

Albertson's first Motion is somewhat ambiguous. It states that he filed it "to objection [sic] to the Magistrate Recommendations . . . ." Doc. 16 at 1. Because Albertson consented to the undersigned's jurisdiction, doc. 6, no "recommendations" were ever entered, *see, e.g.,* doc. 11.

Pursuant to Chief Judge Baker's Order, doc. 3, Albertson filed a consent to the undersigned's plenary jurisdiction over this case on March 17, 2026. Doc. 6 at 1. As the Order explained, upon consent "the Court will assign this case to a Magistrate Judge, and that Magistrate Judge will thereafter conduct any and all proceedings in this matter, including . . . entry of final judgment pursuant to 28 U.S.C. §636(c)." Doc 3 at 1. The statute does not provide for "objections" to a decision assigned to a United States Magistrate Judge by a District Judge. *See* 28 U.S.C. § 636(c)(3). To the extent that Albertson's request is an attempt to revoke his consent, courts have recognized that "there is no absolute right to withdraw consent," *United States v. Neville*, 985 F.2d 992, 1000 (9th Cir. 1993). Moreover, "the standard for vacating a referral following . . . consent to magistrate judge jurisdiction is very high." *Kuppinger v. JM.JZ Enters., Inc.*, 2022 WL 3154954, at *2 (S.D. Fla. July 13, 2022) (citing 28 U.S.C. § 636(c)(4)). There is, therefore, no discernable basis to permit him to "object" to the Order dismissing his Complaint.

Post-judgment requests for additional review by a district court may be considered under either Federal Rule of Civil Procedure 59 or 60. Generally, when a motion for reconsideration is filed within twenty-eight

days of the judgment, the motion is treated as a motion pursuant to Federal Rule of Civil Procedure 59(e). *See, e.g., Lodge v. Brown*, 2019 WL 6790780, at *2 (S.D. Ga. Dec. 11, 2019) (citing *Mahone v. Ray*, 326 F.3d 1176, 1177 n. 1 (11th Cir. 2003)). Judgment was entered on August 12, 2026. Doc. 12. The instant Motion is deemed filed on August 29, 2026. *See* doc. 16 at 1 (dated August 29, 2026); *see, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (the "prison mailbox rule," provides that a prisoner's filings are deemed filed on the date that they were submitted for mailing and presumes that they were submitted on the date that they were signed). Since Plaintiff's Motion was filed within twenty-eight days of the judgment, the Court construes it as seeking relief under Rule 59(e).

"Reconsideration of a previous order [pursuant to Rule 59(e)] is an extraordinary remedy, to be employed sparingly." *Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1379 (S.D. Ga. 2015) (internal quotation and citation omitted). "The decision to alter or amend judgment is committed to the sound discretion of the district judge . . . ." *Am. Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). "Although Rule 59(e) does not set forth the grounds

for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Gold Cross E.M.S.*, 108 F. Supp. 3d at 1379 (citation omitted). Although Albertson's Motion asserts that the prior Order "got it wrong," it does not identify any clear error. *See* doc. 16 at 1. Additionally, it states that Albertson continues to suffer from the symptoms of his leukemia and lymphoma and "need[s] some time so that [he] can work on [his] case . . . ." *Id.* It is entirely unclear, however, why his illness casts any doubt on the conclusion reached in the previous Order or what additional "work" he proposes to do. *See generally id.* His Motion, therefore, presents no apparent basis for relief under Rule 59(e). It is, therefore, **DENIED**. Doc. 16.

Under Rule 60, the Court

> may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer

> be equitable to apply prospectively; or (6) any other reason that justifies relief.

*Jones v. Thomas*, 605 F. App'x 813, 815 n. 1 (11th Cir. 2015) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (alteration omitted) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)). Nothing in Albertson's Motion indicates any circumstance that would warrant relief under Rule 60(b), much less the sort of extraordinary circumstance that would justify relief under Rule 60(b)(6). *See generally* doc. 16.

Albertson has also filed a Motion to Amend his Complaint, pursuant to Federal Rules of Civil Procedure 15 and 19. Doc. 17 at 1. "The problem with [Albertson's] arguments is that Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). His Motion is, therefore, **DENIED**. Doc. 17. However, a "plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Jacobs*, 626 F.3d at

1344-45 (internal quotation marks and citations omitted). Given the charitable construction afforded to *pro se* pleadings, the Court has explained above why no relief is appropriate under either Rule. *See, e.g., Ramses v. U.S. District Court*, 523 F. App'x 691, 694 (11th Cir. 2013) (courts may "recharacterize a *pro se* litigant's motion to create a better correspondence between the substance of the motion and its underlying legal basis.").

Regardless of the rubric the Court applies to Albertson's proposed amendment, however, it does not undermine, but in fact confirms, the Court's prior conclusion. The Court previously found that his pleadings failed to state any claim upon which relief could be granted because they alleged subjective knowledge of his medical needs only collectively and that, at most, there was disagreement about the proper course of treatment for his leukemia. *See* doc. 11 at 5-7. The current Motion, and proposed amended pleading, makes clear that the treatment of his leukemia at Coastal State Prison was based on "a second opinion," from an oncologist. Doc. 17 at 4. The Motion, therefore, attempts to relitigate the claims Albertson has previously asserted. Those arguments, therefore, are not an appropriate basis for relief under Rule 60(b). *See,*

*e.g., Meadows v. Overstreet*, 20206 WL 1700249, at *1 (S.D. Ga. June 11, 2026) ("[R]egardless of which rule[, *i.e.* Rule 59(e) or Rule 60(b),] applies, motions for reconsideration cannot be used to relitigate issues which have already been found lacking." (citation omitted)).

**SO ORDERED**, this 16th day of September, 2026.

______________________________
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA